**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 06-CR-0024-001-CVE |
| v. | ) | |
| | ) | USM Number: 09895-062 |
| **PERCY DEWAYNE WILLIAMS,** | ) | |
|   aka Percy Dwayne Williams, | ) | |
|   aka Persey Williams, | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND
ORDER REDUCING SENTENCE**

Before the Court is the Joint Motion for Reduction of Sentence (Dkt. # 38) wherein plaintiff and defendant request that defendant's sentence be reduced pursuant to 18 U.S.C. § 3582(c). Further, although conceding a downward variance is legally unavailable, defendant, for the purpose of preserving the issue for the future, requests that the Court grant a variance. The government opposes any reduction of sentence below the minimum of the revised guideline range.

At the original sentencing, the Court imposed an imprisonment term of 51 months as to Count Two based on application of USSG §2D1.1 which resulted in a total offense level of 17 and a sentencing range of 51 to 63 months. Retroactive Amendment 706, which revises §2D1.1, reduces the base offense level two levels to a total offense level of 15, resulting in an amended guideline range of 41 to 51 months. Because Amendment 706 results in a reduced guideline range, defendant is eligible for sentence modification pursuant to § 3582(c). After review of the facts of this case, consideration of the effect of Amendment 706 and all § 3553(a) factors, and the agreement of the parties that defendant's sentence should be reduced, the Court finds that good cause exists for

reduction of defendant's sentence within the revised guideline range. Accordingly, defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 38) is **granted**.

As to defendant's request for a downward variance, this Court is without authority to grant such a motion. In consideration of a § 3582(c) motion, the district court is bound by USSG §1B1.10, which does not permit a modified sentence that falls below the amended guideline range. Therefore, a reduction in sentence below the amended sentencing guidelines range at a § 3582 sentence modification proceeding is impermissible because it would be inconsistent with the policy statement in §1B1.10. See United States v. Rhodes, 549 F.3d 833, 849 (10th Cir. 2008), cert. denied, 129 S.Ct. 2052 (U.S. Apr. 27, 2009).

**IT IS THEREFORE ORDERED** that the Joint Motion for Reduction of Sentence (Dkt. # 38) is **granted**; defendant's request for a downward variance is **denied**.

**IT IS FURTHER ORDERED** that the term of imprisonment imposed in Count Two is reduced to a term of 41 months.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment are unchanged and shall remain the same as originally entered.

**DATED** this 30th day of July, 2009.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT